[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO RECONSIDER
On September 7, 1989 this court rendered a decision sustaining the above administrative appeal and remanding the case to the defendant codes committee ("Committee") to resolve the issue of the timeliness of the appeal to the Codes Committee in accordance with Sec. 29-266(b) C.G.S.
On September 15, 1989, the plaintiff Edward Riley moved this court "to re-open, reconsider and vacate its decision on the ground that the Codes Committee had in fact resolved the question of the timeliness of the appeal, and urging this court to decide the appeal on its "merits". The Codes Committee, on September 18, 1989 concurred in the motion for reconsideration.
A hearing on the Motion for Reconsideration was held in Enfield on January 19, 1990 at which time all the parties were heard. Plaintiff City of Hartford supported the motion on the ground that the Codes Committee had in fact decided the question of timeliness, pressing its claim, however, that the appeal was untimely, and that for this and other reasons the appeal from the decision of the Codes Committee should be sustained.
In reviewing our decision of September 15, 1989, as well as the hearing transcript, we find it difficult to agree with the position of the parties that the issue of timeliness of the appeal to the Codes CT Page 1111 Committee was resolved by the hearing officer. A mere statement by the hearing officer that he was "comfortable with the fact that the appeal . . . was filed in a timely fashion" followed by a statement that the parties were to address the issue of timeliness "in a brief filed with us within thirty days" does not amount to a ruling on the issue. If indeed, the appeal was timely when it was filed on December 29, 1987, there would have to be a finding that the Board of Appeals did not file its notice of decision with the building official until December 22, 1987 in view of the seven day notice requirement of Sec. 29-266(c) C.G.S. It is possible that the Codes Committee might make such a finding despite the affidavit of Riley that he received notice "on or about December 14, 1987", but our review of the record cannot find it. We agree that if a jurisdictional ruling was made supported by a version of the facts as found by the Codes Committee, this would carry great weight with a reviewing court. Despite the urging of counsel who desire a decision on the "merits", the court cannot find sufficient facts in the record to support such a jurisdictional ruling or that such a ruling was even made.
Motion for Reconsideration denied.
WAGNER, J.
Note: This memorandum was not issued and dated until August 17, 1990, following an in-chamber conference of counsel for the various parties to discuss the ramification of the interim death of Mr. Riley.